UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD JAMES BRUCE HATTON, SR., <br><br> Plaintiff, <br><br> v. <br><br> NEVADA COUNTY BEHAVIORAL HEALTH, ET AL., <br><br> Defendants. | No. 2:23-cv-01970-KJN (PS) <br><br> ORDER and FINDINGS AND RECOMMENDATIONS TO DISMISS |

Plaintiff, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person who is unable to pay such fees).

However, because the undersigned finds that the court lacks subject matter jurisdiction over this action, the undersigned recommends that the action be dismissed without prejudice, and that plaintiff's application to proceed in forma pauperis in this court be denied as moot. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent duty to ensure it has subject matter jurisdiction in the case).

---

[1] This action was randomly assigned to the undersigned pursuant to Appendix A of the Local Rules. Further, actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards**

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

The court must dismiss a case if, at any time, it determines that it lacks subject matter jurisdiction. Rule 12(h)(3).[2] A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). Further, a plaintiff must have standing to assert a claim, which requires an injury in fact caused by defendant(s) that may be redressed in court. Harrison v. Kernan, 971 F.3d 1069, 1073 (9th Cir. 2020). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). A

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

2

court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327; Rule 12(h)(3).

**Analysis**

Plaintiff brings this suit against Nevada County Behavior Health, Nevada County Public Guardian, Siena Kindred Health Care, and Siena Nursing Staff. (ECF No. 1 at 1.) Plaintiff alleges he is being falsely imprisoned at the Nevada County Behavioral Health Center and that defendants are involved in a conspiracy to kill him with prescriptions in order to own his estate. (ECF No. 1 at 3.) Plaintiff further claims he was poisoned to death twice and "teletransported" to Napa State Hospital "with a time warp." (Id.) Attached to plaintiff's complaint is a petition for reappointment of conservator dated June 22, 2023, which states that plaintiff is gravely disabled because of a mental disorder. (Id. at 9-11.) The petition indicates that the Public Guardian of the County of Nevada was appointed conservator of plaintiff on August 30, 2022. (Id. at 9.)

Upon review of plaintiff's complaint, the undersigned finds that plaintiff's allegations are implausible rather than merely unlikely. While the court sympathizes with plaintiff's understanding of his situation, the court concludes that plaintiff's complaint is legally frivolous and recommends dismissal. See e.g., Monaghan v. Trebex, 35 F. App'x 651, 651 (9th Cir. 2002) (unpublished) (affirming dismissal as frivolous where plaintiff alleged that he was "the object of a nationwide conspiracy"); Sameer v. Khera, 2018 WL 6338729, at *2 (E.D. Cal. Dec. 5, 2018) (dismissing the case with prejudice for lack of subject matter jurisdiction as "the only appropriate response" to "fanciful allegations" in complaint that "alleges the existence of a vast conspiracy bent on plaintiff's destruction").

The court finds that granting further leave to amend would be futile, and therefore recommends denying leave to amend.

**ORDER**

IT IS HEREBY ORDERED that:

1. Clerk of Court assign a district judge to this action.
2. All pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the

3

findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

### FINDINGS AND RECOMMENDATIONS

IT IS RECOMMENDED that:

1. The action be DISMISSED WITH PREJUDICE;

2. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED AS MOOT; and

3. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 5, 2024

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

hatt.1970

4